Reproduced at the National Archives at San Francisco

ELLEN M. PETER
DANIEL P. MURPHY
CALIFORNIA RURAL LEGAL ASSISTANCE
818 D Street, P. O. Box 2600
Marysville, CA 95901
Telephone: (916) 742-5191

Attorneys for Plaintiffs

FILED
MAY 2 1979
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

LODGED
APR 27 1979
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRIL HEDRICK, et al.,
    Plaintiffs,
vs.
ROBERT DAY, et al.,
    Defendants.

NO. CIV. 76-162 TJM

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING OBJECTIONS TO PROPOSED CONSENT DECREE

Plaintiffs' Motion for Tentative Approval of Class Action Consent Decree came on for hearing on February 5, 1979, in the above-entitled Court before the Honorable Thomas J. MacBride. The parties appeared at that time through their respective counsel of record, by John F. O'Toole for plaintiffs and Dennis A. Barlow for defendants. In an Order signed February 7, 1979, the Court tentatively approved the Consent Decree entered into by the parties and filed with the Court on November 8, 1978. In addition, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court directed that notice of the proposed settlement of the action be given to certain members of the class and that those individuals be informed of their right to object to provisions of the settlement.

Notice of the proposed settlement was given to class members in conformity with the provisions of the February 7, 1979 Order, and affidavits were filed with the Court attesting to this fact. The time period provided for making objections to

Reproduced at the National Archives at San Francisco

the proposed settlement has elapsed, and, therefore, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

#### I

The defendants provided a copy of Appendix I to the Court's Order of February 7, 1979 (hereinafter referred to as "Appendix I") and a mailing envelope addressed to the Clerk of the Court to all inmates housed in the Yuba County Jail between February 7, 1979, and March 7, 1979.

#### II

The defendants compiled a list of the names and the last known addresses of four hundred (400) ex-inmates of the Yuba County Jail. The list was taken from the available records in the Sheriff's Department so that the name of every fifth inmate was placed on the list until a total of fifty (50) inmates were placed on the list for each of the following months: May, 1976, September, 1976, January, 1977, June, 1977, October, 1977, February, 1978, July, 1978, and November, 1978.

#### III

Prior to March 7, 1979, a copy of Appendix I was sent by defendants to each person on the above list in conformity with the provisions of "Class Actions: Recommendations By The Clerk For Procedural Details In Mailings To Class Members," except for sections two (2) and three (3) of that document relating to mailing by certified mail, registered mail, or return receipt requested mail. This document is Appendix II of the Court's Order of February 7, 1979.

#### IV

The plaintiffs provided a copy of Appendix I to the individually named plaintiffs and thirty (30) other class members who were determined by plaintiffs' counsel to have been actively involved in the action.

V

The defendants posted Appendix I in the Yuba County Probation Department and provided forty-eight (48) copies of Appendix I to that Department to be made available upon request.

VI

The defendants also provided a copy of Appendix I to the Marysville Office of the California Department of Employment Development for posting between February 7, 1979, and March 7, 1979.

VII

Appendix I, the notice of proposed settlement, provided that copies of the proposed Consent Decree in its entirety were available at no cost at three (3) locations. Appendix I also clearly stated that class members who objected to the proposed settlement had a right to file written objections to the Consent Decree and that such objections must be filed with the Clerk of Court on or before the expiration of the comment period, April 6, 1979.

VIII

One hundred seventy four (174) of the notices, Appendix I, mailed by defendants to the four hundred (400) selected ex-inmates of the Yuba County Jail were returned by the United States Postal Service to the Clerk of the Court as undeliverable at the address given. Thirty eight (38) notices were mailed by plaintiffs' counsel to thirty-four (34) ex-inmates, four (4) individuals were mailed two (2) copies at two (2) different address. Of these thirty-eight (38) notices, thirteen (13) have been returned as undeliverable by the United States Postal Service.

IX

During the period for filing objections, the Clerk of the Court received one written communication concerning the

-3-

Reproduced at the National Archives at San Francisco

1  proposed settlement. This communication was from an inmate,
2  Pascal Alonzo Thompson.

                X

4  Mr. Thompson stated no explicit objection to the terms
5  of the proposed Consent Decree. Rather he stated that, to his
6  knowledge, none of the injunctive relief previously ordered by
7  the Court has been complied with by the Yuba County Sheriff's
8  Department. Mr. Thompson's comments did not contain any request
9  to appear before the Court.

                IX

11  The terms of the Consent Decree address each of the
12  substantive areas listed in the Prayer for Relief in the complaint
13  herein.

14  From the foregoing Findings of Fact, the Court hereby
15  makes and enters the following:

CONCLUSIONS OF LAW

                I

18  The notice of proposed settlement of this class action
19  was provided in conformity with the requirements of Rule 23(e) of
20  the Federal Rules of Civil Procedure.

                II

22  No person has stated any objection to the terms of the
23  settlement, with the possible exception of Mr. Thompson who
24  criticized the enforcement of existing court orders which are
25  subsumed into the Consent Decree. The objection, if any, is not
26  directed to the terms and provisions of the settlement, and it
27  does not state that the Consent Decree does not address any parti-
28  cular cause of action alleged in the complaint or that the
29  Consent Decree is substantively inadequate. Mr. Thompson's
30  comments, if they are deemed an objection, are found as an
31  objection by a class member to be without substance and to be
32  frivolous.

-4-

III

The proposed Consent Decree is a fair, adequate, and reasonable settlement of the issues raised for all of the class members. The proposed Consent Decree provides substantive and procedural rights for inmates of the Yuba County Jail which parallel and implement specifically the Prayer for Relief in the Complaint herein.

IV

Since there are no substantial objections to the proposed Consent Decree, there is no need for any hearing to consider objections.

DATED: MAY 2 1979

_____
UNITED STATES DISTRICT COURT JUDGE


Approved as to form and content:

CALIFORNIA RURAL LEGAL ASSISTANCE
Attorneys for Plaintiffs

DATED: 4/23/79       By: _____
                          ELLEN M. PETER


WALTER COLBY, COUNTY COUNSEL
DENNIS A. BARLOW, CHIEF DEPUTY
   COUNTY COUNSEL
Attorneys for Defendants

DATED: 4-27-79       By: _____
                          DENNIS A. BARLOW

-5-