IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRIL HEDRICK, DALE ROBINSON,         )
KATHY LINDSEY, MARTIN C. CANADA,       )   2:76-cv-00162-GEB-EFB
DARRY TYRONE PARKER,                   )
individually and on behalf of          )
all others similarly situated,         )   ORDER GRANTING MOTION TO
                                       )   WITHDRAW AS COUNSEL,
            Plaintiffs,                )   APPOINTING PRO BONO CLASS
                                       )   COUNSEL, ORDERING TRANSFER OF
      v.                               )   FILE, AND RESETTING HEARING[*]
                                       )
JAMES GRANT, as Sheriff of Yuba        )
County; Lieutenant FRED J. ASBY,       )
as Yuba County Jailer; JAMES           )
PHARRIS, ROY LANDERMAN, DOUG           )
WALTZ, HAROLD J. "SAM" SPERBECK,       )
JAMES MARTIN, as members of the        )
YUBA COUNTY BOARD OF                   )
SUPERVISORS,                           )
                                       )
            Defendants.                )
_____)

California Rural Legal Assistance, Inc. ("CRLA") moves to withdraw as counsel for Plaintiffs in this certified class action brought on behalf of incarcerated persons at Yuba County Jail during the pendency of this action (the "class"). CRLA explains that as a recipient of Legal Service Corporation ("LSC") funding it can no longer serve as

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

counsel in class actions or in litigation on behalf of incarcerated persons. (Req. to Withdraw as Counsel, ECF No. 98, 2:10—3:22 (citing 45 C.F.R. §§ 1617.1—.4, 1637.1—.4).) It seeks to withdraw "under both the general and specific requirements of Rule 3-700" of the California Rules of Professional Conduct. (Id. 6:25—26 (citing Cal. R. Prof'l Conduct 3-700(A), (C)).) Defendant Yuba County filed a statement of non-opposition in response to CRLA's withdrawal motion. (Resp. to Mot. to Withdraw by CRLA, ECF No. 104, 2:16 (stating that "the County raises no objection to the request for withdrawal").) No other response to CRLA's request to withdraw as counsel has been filed, notwithstanding Local Rule 230(c), which requires each party to file an opposition or statement of non-opposition in response to a noticed motion.

CRLA's unopposed motion and supporting documentation establish that CRLA satisfies the requirements for withdrawal as counsel under California Rule of Professional Conduct 3-700(C)(6), which prescribes that counsel may seek withdrawal based on "the existence of . . . good cause." However, CRLA's withdrawal may leave the class pro se,[1] in violation of "the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Yapundahyan v. Tusel, No. C 10-5181 RMW (PR), 2011 WL 826813, at *1 (N.D. Cal. Mar. 3, 2011) (recognizing that "[p]ro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of [a] class").

---

[1] Altshuler Berzon LLP is listed as counsel along with CRLA on the docket sheet dated October 6, 1987, and refiled as ECF No. 75. However, the scope of the firm's representation, if any, is unknown, as it is not named as a signatory in the copy of the consent decree refiled as ECF No. 110, and it has not made any filings since the case was reopened in May 2013.

2

A district court has a "*continuing* duty to see that a class is adequately represented by counsel." Z-Seven Fund, Inc. v. Motorcar Parts & Accessories, 231 F.3d 1215, 1219 (9th Cir. 2000); accord In re Integra Realty Res., Inc., 262 F.3d 1089, 1112 (10th Cir. 2001) ("Once the decision to certify a class has been made, the court remains under a continuing duty to monitor the adequacy of representation to ensure that class counsel provides zealous, competent representation through the proceedings and to address conflicts of interests if they develop."). CRLA states: "Should the Court find that class interests must be represented, CRLA respectfully requests that the Court seek to appoint other legal counsel to represent the class in view of the prohibition and potential consequences to CRLA, and the vulnerable population who rely on CRLA's legal services who will be unrepresented should LSC terminate funding to CRLA . . . ." (Req. to Withdraw as Counsel 7:2—5.)

In light of CRLA's inability to represent the class and the court's "continuing duty to see that [the] class is adequately represented by counsel," Z-Seven Fund, 231 F.3d at 1219, CRLA's motion to withdraw as counsel is granted, and a pro bono class counsel will replace CRLA. The court's Pro Bono Program Director has secured volunteer replacement class counsel, Carter Capps White, who is "qualified and competent counsel." Dukes v. Wal—Mart, Inc., 509 F.3d 1168, 1185 (9th Cir. 2007), rev'd on other grounds, 131 S. Ct. 2541 (2011); see Jones v. Cnty. of Sacramento, CIV S-09-1025 DAD, 2011 WL 3584332 (E.D. Cal. Aug. 12, 2011) (recognizing "Mr. White has significant relevant [civil rights] experience and, since 2001 has served as the supervising attorney of the King Hall Civil Rights Clinic at the U.C. Davis School of Law"); Gilman v. Davis, No. CIV. S-05-830 LKK/GGH, 2009 WL 577767, at *6 (E.D. Cal. Mar. 4, 2009) (finding Mr.

3

White "able to vigorously and competently prosecute" certified class action on behalf of state prisoners). Accordingly, Mr. White is appointed as pro bono class counsel in place of CRLA.

The clerk of the court is directed to serve a copy of this order on Mr. White at the following address:

>   Carter Capps White
>   King Hall Civil Rights Clinic
>   UC Davis School of Law
>   One Shields Avenue, Bldg. TB 30
>   Davis, CA 95616

Further, by July 15, 2013, CRLA is ordered to either supply appointed pro bono class counsel, Mr. White, with the case file or a copy thereof or to show cause in a court filing why it cannot. If CRLA requests a hearing concerning the file transfer, it shall be requested in the court filing in which CRLA shall explain why it cannot transfer the file. Finally, in light of the foregoing, the hearing set for July 29, 2013, on the Motion to Terminate Consent Decree is rescheduled to commence at 9:00 a.m. on September 23, 2013.

Dated: June 20, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge