UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JAMES GRANT, as Sheriff of Yuba County; Lieutenant FRED J. ASBY, as Yuba County Jailer; JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBECK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS,<br><br>　　　　　　Defendants. | 2:76-cv-00162-GEB-EFB<br><br>ORDER DENYING REQUEST TO REOPEN DISCOVERY |

　　　　On March 5, 2014, the parties filed a joint document, in which Plaintiffs request to reopen discovery under Federal Rule of Civil Procedure ("Rule") 16(b)(4). Defendants oppose the request. The request is construed as a motion to reopen discovery. Granting the motion would necessitate modifying other scheduled dates which Plaintiffs do not pointedly address.

　　　　On February 5, 2014, Plaintiffs previously filed a motion to extend the scheduled discovery completion date. That

1

motion was noticed to be heard before a magistrate judge on February 26, 2014 – the same day on which discovery was to have been completed; however, that notice was improper, since the district judge had prescribed the scheduled dates which Plaintiffs sought to modify. A minute order issued concerning that notice, stating the motion was "defectively noticed," that the motion would therefore "not be set for hearing," and that Plaintiff was "advised to properly re-notice the motion to be heard before the assigned District Judge." (Minute Order, ECF No. 122.) On February 10, 2014, Plaintiffs re-noticed the motion. The motion was denied in an Order filed on March 3, 2014, since it did not contain authority or bases justifying the relief sought.

In the motion sub judice, Plaintiffs fail to demonstrate that they have "good cause" to reopen discovery. Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4) prescribes: "A schedule may be modified only for good cause . . . ." Id. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

> [T]o demonstrate diligence . . . the movant may be required to show . . . (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal.

1999)(citing In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 228 (1st Cir. 1997), Johnson, 975 F.2d at 609, and Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996))(citations omitted).

Plaintiffs have not explained why they should not have been expected to have reasonably anticipated the amount of time desired for discovery during the hearing at which the discovery deadline was prescribed. Nor have Plaintiffs explained when they first concluded that they could not comply with the prescribed discovery deadline nor why they failed to file a timelier duly noticed motion to extend the discovery deadline.

Since Plaintiffs have not shown good cause to reopen discovery, the motion is denied.

Dated:  March 13, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3