UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>JAMES GRANT, as Sheriff of Yuba County; Lieutenant FRED J. ASBY, as Yuba County Jailer; and JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBECK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS,<br><br>        Defendants. | No.  2:76-cv-00162-GEB-EFB<br><br>**ORDER** |

        In connection with Defendant County of Yuba's Motion to Terminate Consent Decree under 18 U.S.C. § 3626(b), the Court has reviewed the consent decree signed by the parties on November 2, 1978, and questions, *sua sponte*, whether it should be modified or terminated, in whole or in part, under Federal Rule of Civil Procedure ("Rule") 60(b). See Gilmore v. People of the State of Cal., 220 F.3d 987, 1007 (9th Cir. 2000) ("[T]he [PLRA] standard

1

does not eviscerate a district court's equitable discretion [under Rule 60(b)]."); Jones'El v. Schneiter, No. 00-C-421-C, 2006 WL 2168682, at *1 (W.D. Wisc. July 31, 2006) (stating "the Prison Litigation Reform Act . . . . does not bar this court from examining the continuing validity of the consent decree under . . . Rule 60"); see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999) (indicating a district judge may *sua sponte* modify or vacate a judgment under Rule 60(b) after providing notice to the parties).

Accordingly, the parties are provided the opportunity to brief whether the consent decree, or any portion thereof, should be modified and/or terminated under Rule 60(b). See generally, United States v. Asarco Inc., 430 F.3d 972, 979 (9th Cir. 2005) (discussing standard "for modifying a consent decree under Rule 60(b)"); Youngblood v. Dalzell, 925 F.2d 954, 961 (6th Cir. 1991) (stating that in determining whether to terminate a consent decree under Rule 60(b), "the district court may properly consider the length of time over which this particular decree has been in effect and the continuing efficacy of its enforcement"). Any brief shall be filed no later than March 31, 2014. Responses to any brief filed shall be filed no later than April 4, 2014. The hearing scheduled to commence at 9:00 a.m. on April 8, 2014, remains on calendar for oral argument as the parties have jointly requested. (See Joint Statement Regarding Def. Yuba County's Mot. to Terminate Consent Decree 2:20-21, ECF No. 129.)

Further, since it appears from reviewing Plaintiffs' Proposed Findings of Fact and Conclusions of Law Regarding Defendant Yuba County's Motion to Terminate Consent Decree, (ECF

No. 129-1), that Plaintiffs do not seek continued enforcement of each of the remedies granted in the consent decree, Plaintiffs are requested to identify, with citation to page and line number, the specific portions of the consent decree, which they contend remain enforceable.[1] Plaintiffs may provide the requested information in their brief concerning whether the consent decree should be modified and/or terminated under Rule 60(b), if one is filed, or in a separate document filed no later than March 31, 2014.

Dated: March 26, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] For example, the consent decree contains a section titled "Female Trusty Program." (Consent Decree 43:1-46:10.) Plaintiffs' proposed findings do not address the "Female Trusty Program."

3