UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>JAMES GRANT, as Sheriff of Yuba County; Lieutenant FRED J. ASBY, as Yuba County Jailer; and JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBECK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS,<br><br>    Defendants. | 2:76-cv-00162-GEB-EFB<br><br>**ORDER DENYING MOTION TO TERMINATE; AND SCHEDULING STATUS CONFERENCE** |

    On May 13, 2013, Defendants filed a motion to terminate the Consent Decree entered in this case on May 2, 1979. Defendants make the conclusory argument in the motion that "Yuba County . . . is entitled to termination of the Consent Decree . . . under both 18 USC §3626(b)(1) and 18 USC §3626(b)(2)." (Motion to Terminate Consent Decree, 5:20-22, ECF No. 96.) When considering the motion, the Court issued an Order filed March 26, 2014, in which it "question[ed], *sua sponte*, whether [the Consent

1

Decree] should be modified or terminated, in whole or in part, under Federal Rule of Civil Procedure ("Rule") 60(b)," and provided each party an opportunity to brief the issue. (Order, 1:25-27, ECF No. 130.) That Order concerned, inter alia, whether "contractual surplusage" existed in the Consent Decree. Gilmore v. People of the State of California, 220 F.3d 987, 1006 (9th Cir. 2000).

Plaintiffs responded to that Order stating that the majority of the consent decree should "be maintained at least in the areas of outdoor exercise, medical care, grievance procedures, hygiene, and housing and safety." (Pls.' Br. on Whether the Consent Decree Should Be Modified under Rule 60(b) ("Pls.' Br."), 1:22-24, ECF No. 133.)

Defendants responded to that Order arguing that since there has been no judicial enforcement of any aspect of the Consent Decree since its issuance, it is evident that its purposes have been achieved. Plaintiffs rejoined indicating that their prior counsel, California Rural Legal Assistance, Inc., "believed itself to be incapable of taking any action on behalf of Plaintiffs since at least 1996." (Pls.' Br. 2:2-4.) Plaintiffs also submitted evidence that they opine demonstrates that the majority of the Consent Decree should not be terminated.

In light of each party's response the Order, the Rule 60(b) *sua sponte* inquiry is disregarded, and decision issues on Defendants' motion to terminate the Consent Decree. It is evident that Defendants have failed to carry their "burden . . . to demonstrate that there are no ongoing constitutional violations, that the relief ordered exceeds what is necessary to correct an

ongoing constitutional violation, or both." Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010). Therefore, Defendants' May 13, 2013 motion to terminate the consent decree is denied. Accordingly, the hearing scheduled for April 8, 2014, is converted to a Status Conference. If feasible, the parties shall file a joint status report prior to the Status Conference, in which the parties need only address the pertinent subjects in Local Rule 240(a).

Further, Plaintiffs' request, (ECF No. 134), to file under seal certain documents which Plaintiffs describe as "evidence . . . demonstrat[ing] that the consent decree should not be terminated," is denied since the referenced filing concerns a motion that is no longer pending. (Pls.' Br. 2:6-7.)

Dated: April 2, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3