UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DARRIL HEDRICK, DALE
ROBINSON, KATHY LINDSEY,
MARTIN C. CANADA, DARRY
TYRONE PARKER, individually
and on behalf of all others
similarly situated,

        Plaintiffs,

   v.

JAMES GRANT, as Sheriff of
Yuba County; Lieutenant FRED
J. ASBY, as Yuba County
Jailer; and JAMES PHARRIS,
ROY LANDERMAN, DOUG WALTZ,
HAROLD J. "SAM" SPERBECK,
JAMES MARTIN, as members of
the YUBA COUNTY BOARD OF
SUPERVISORS,

        Defendants.

No. 2:76-cv-00162-GEB-EFB

**ORDER DENYING PLAINTIFFS'
REQUEST FOR PRE-APPROVAL OF
EXPERT EXPENDITURES**

Plaintiffs request the Court "authorize the expenditure in an amount not to exceed [$5,000.00]" to hire an expert(s) "to determine if the Yuba County Jail's medical and mental health care, facilities, and procedures meet the minimum standards required by the Constitution and the Consent Decree." (Pls.' Req. for Authority to Incur Costs 1, ECF No. 154.) Plaintiffs contend the requested expenditure "is reasonably necessary to the prosecution of this action." (Id.)

1

1        Plaintiffs' counsel, Carter White, filed a Declaration

2   in support of this request, in which he avers:

3              As counsel for the Plaintiff Class, I have a
             duty to investigate current and ongoing
4            violations of Federal law and the Consent
             Decree at Yuba County Jail ("the Jail"). See
5            18 U.S.C. § 3626(b)(3); ECF 120-1, at 48-49.
             Based on the Clinic's preliminary
6            investigation into conditions at the Jail,
             review of reports produced by the County, and
7            declarations made by inmates, it is my belief
             that there likely exist current and ongoing
8            violations of inmates' federal rights at the
             Jail. **In order to determine if the conditions
9            of the Jail are in compliance with the
             Consent Decree and constitutional minima,
10           Plaintiffs reasonably and necessarily need to
             hire neutral and unbiased experts familiar
11           with jail conditions and constitutional
             standards. Some of the issues the experts
12           will need to look into include the
             accessibility of adequate medical and mental
13           health care, the habitability of the Jail
             facilities, and the adequacy of exercise and
14           recreation for inmates.** I have made
             reasonable inquiry and believe that the
15           initial cost of this course of action will
             not exceed the amount of $5,000. I will do
16           all that I can to ensure that the expert
             costs are minimal and reasonable.

17

18  (Decl. of Carter White in Supp. of Req. to Incur Costs ("White

19  Decl.") ¶ 2 (emphasis added).)

20        United States District Court for the Eastern District

21  of California ("Eastern District") General Order No. 510 governs

22  the "reimbursement of pro bono counsel appointed in indigent pro

23  se civil cases." It provides, in relevant part, that "appointed

24  pro bono counsel . . . may petition the Court for reimbursement

25  from the Court's Non Appropriated Fund . . . of certain expenses

26  incurred." See General Order No. 510, 1. Such expenses include:

27             Request[ed] reimbursement for costs of
             **retaining expert and non-expert witnesses
28           whose services are necessary in preparing**

                                2

**their client's case.** Except for good cause shown, all such services require prior approval of the judge before whom a case is pending before they may be purchased, regardless of their cost.

General Order No. 510 § 4(A)(3) (emphasis added).

The scope of Plaintiffs' requested expert expenditure is unclear and appears beyond what is governed by the Consent Decree. Specifically, Plaintiffs have shown neither precisely what aspects of the Consent Decree would be involved nor justification for the portion of the expenditure seeking authorization to conduct an expert investigation into what Plaintiffs vaguely reference as "constitutional minima," which Plaintiffs indicate is outside the scope of the Consent Decree.

Further, Plaintiffs have not demonstrated that expert investigation is necessary "to determine if the conditions of the Jail are in compliance with the Consent Decree and constitutional minima." (White Decl. ¶ 2.)

For the stated reasons, Plaintiffs have not shown the requested expenditure is "necessary" to prepare their case. Therefore, Plaintiffs' request is denied.

Dated:  January 8, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3