CARTER C. WHITE – 164149
KING HALL CIVIL RIGHTS CLINIC
U.C. Davis School of Law
One Shields Avenue, Bldg. TB-30
Davis, California 95616-8821
Telephone: (530) 752-5440
Facsimile: (530) 752-5788
Email: ccwhite@ucdavis.edu

MICHAEL W. BIEN – 096891
GAY CROSTHWAIT GRUNFELD – 121944
JENNIFER L. STARK – 267062
BENJAMIN BIEN-KAHN – 267933
PABLO A. LASTRA – 287718
ANDREW G. SPORE – 308756
ROSEN BIEN
GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
ggrunfeld@rbgg.com
jstark@rbgg.com

Attorneys for Plaintiffs

CARL L. FESSENDEN – 161494
JOHN R. WHITEFLEET – 213301
ASHLEY M. WISNIEWSKI – 264601
RYAN P. O'CONNOR – 304815
PORTER SCOTT
A PROFESSIONAL CORPORATION
350 University Avenue, Suite 200
Sacramento, California 95825
Telephone: (916) 929-1481
Facsimile: (916) 927-3706

Attorneys for Defendants
JAMES GRANT, FRED J. ASBY, JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBEK, and JAMES MARTIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

DERRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

JAMES GRANT, as Sheriff of Yuba County; Lieutenant FRED J. ASBY, as Yuba County Jailer; JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBEK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS,

Defendants.

Case No. 2:76-CV-00162-GEB-EFB

**STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER**

Judge: Edmund F. Brennan

Trial Date: None Set

WHEREAS, in or about May 2, 1979 the Court issued its Order approving a Consent Decree in the above-captioned case, *Hedrick, et al. v. Grant, et al.*, No. 76-00162 (E.D. Cal. filed Mar. 24, 1976) (the "**ACTION**"):

WHEREAS by Order dated June 20, 2013, Senior United States District Court Judge Garland Burrell, Jr. issued an order appointing Carter Capps White counsel for the class, and on September 12, 2014 the law firm of Rosen, Bien, Galvan and Grunfeld associated in as counsel for the Plaintiff class;

WHEREAS on October 25, 2016 counsel from the law firm of Porter Scott appeared in the ACTION on behalf of all defendants;

WHEREAS the Consent Decree states that "records and documents which relate to compliance with [the] Consent Decree or are otherwise required by law to be kept shall be available immediately upon request by plaintiffs' attorneys.";

WHEREAS Plaintiffs DERRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, on behalf of themselves and all others similarly situated ("**PLAINTIFFS**"), and Defendants JAMES GRANT, as Sheriff of Yuba County, Lieutenant FRED J. ASBY, as Yuba County Jailer, JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBEK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS ("**DEFENDANTS**") (collectively, the "**PARTIES**"), agree that certain documents to be produced pursuant to the Consent Decree or otherwise in this **ACTION** are likely to involve production of private, confidential, or security-sensitive information for which protection from public disclosure and from use for any purpose other than this litigation may be warranted; and

WHEREAS, the **PARTIES** seek to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and constitutional privacy rights;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the **PARTIES,** by and through their respective counsel of record, that they jointly

request, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the Court enter this Stipulated [Proposed] Protective Order (hereinafter "**ORDER**") as an Order of the Court, as set forth below.

This stipulation and **ORDER** shall govern all "**CONFIDENTIAL**" information (as defined hereafter) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof.

**Definition of Confidential Information**

1. For purposes of the Order, the term "**CONFIDENTIAL**" means any information, document, tangible thing, electronically stored information or transcript of oral testimony, whether or not made under oath, or any portion of such document, thing, information, or transcript, designated by any party as **CONFIDENTIAL** because it contains: (a) security-sensitive information (information that if released to the public or inmate population may compromise the safety and security of a correctional facility), (b) private and/or confidential personal information, such that the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rules 140, 141, and/or 141.1, and controlling federal case law, or (c) information reasonably believed to be protected from disclosure pursuant to state or federal law.

2. Prior to the execution of this Stipulation, the **PARTIES** exchanged documents and information, some of which could be considered **CONFIDENTIAL** pursuant to this Stipulation. The **PARTIES** agree that any such **CONFIDENTIAL** documents or information exchanged prior to the Stipulation may be designated as **CONFIDENTIAL** and subject to all the terms and conditions of the Stipulation and any related Order. As to any such documents or information, the **PARTIES** shall have 14 days from the date the Order is entered to designate such documents and information **CONFIDENTIAL**.

**Who May Have Access to Confidential Information**

3. **CONFIDENTIAL** information may be disclosed only to the following persons:

(a) Counsel for **PLAINTIFFS** and **DEFENDANTS** (defined herein to include: attorneys in this **ACTION** and their support staff, including paralegals, legal interns, certified law students, and legal assistants);

(b) The **PARTIES** to this **ACTION**;

(c) The Court, its officers, court personnel, stenographic reporters, and videographers engaged in proceedings in this matter;

(d) Any expert or consultant retained by any party or the Court for purposes of this litigation; and

(e) Witnesses to whom **CONFIDENTIAL** information is necessarily required be disclosed during testimony given in this matter or otherwise during the legal proceedings, provided that the witness shall be informed of and shall agree to be bound by the terms of this **ORDER**.

Any attorney, the attorney's support staff, or expert to whom disclosure is made will be furnished with a copy of the **ORDER** and will be subject to this **ORDER**.

Nothing in this **ORDER** will preclude **PLAINTIFFS'** counsel from reviewing with a **PLAINTIFF** his or her Jail medical and/or custody records.

**Use of Confidential Information**

4. In their capacity as class counsel, Plaintiffs' counsel may receive private and confidential information and documents about class members, including medical records. The **PARTIES** acknowledge that disclosure of such documents and information is made only as is necessary and appropriate for Plaintiffs' counsel to represent the interests of class members in this matter. Plaintiffs' counsel acknowledge their obligation to strictly maintain the confidentiality of any documents provided by Defendant and designated **CONFIDENTIAL** under the terms of this Stipulation and Order, and further agree to be bound by all privacy laws that may apply to the documents and information received,

including, but not limited to, the Health Insurance Portability and Accountability Act, if applicable.

5. By designating a document or portion thereof as **CONFIDENTIAL**, the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or portion thereof under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rules 140, 141, and/or 141.1, and controlling federal case law.

6. The designation of information as **CONFIDENTIAL** shall be made whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words "**CONFIDENTIAL**," or by the designation of categories of documents as "**CONFIDENTIAL**." If such designation is not possible prior to production, the designation must be made by the producing party within seven (7) days after disclosure. The information shall be treated as **CONFIDENTIAL** until the seven (7) days has elapsed. Within such seven (7)-day period, the disclosing party must notify all **PARTIES** in writing of the precise information sought to be designated as **CONFIDENTIAL**. In the event of a mistake or inadvertent disclosure is discovered post-production, such documents shall be treated as CONFIDENTIAL as of the date the documents were originally produced. If any such documents were provided to a person other than identified in section 3(a) – (e), those document shall be returned to counsel within 10 days of notice of the inadvertent disclosure.

7. Counsel for any party retains the right to challenge the designation of a particular document or portion thereof as **CONFIDENTIAL**. The burden of proof with respect to the propriety or correctness of the designation of any document or portion thereof as **CONFIDENTIAL** will rest on the designating party. If any party believes any designation of a document or portion thereof as **CONFIDENTIAL** is inappropriate, the **PARTIES** will meet and confer and attempt to resolve the issue on an expedited basis. If the **PARTIES** are unable to mutually agree on a resolution, the **PARTIES** will seek

appropriate Court intervention, including a request for a discovery conference or call with the Magistrate Judge, and where appropriate, submit the documents to the Magistrate Judge under seal to determine whether and to what extent such documents or portions thereof should be deemed **CONFIDENTIAL** information in accordance with Paragraph 2 of this **ORDER**. Specifically, the Magistrate Judge shall determine whether the party seeking to designate information as **CONFIDENTIAL** has satisfied the requirements for filing the document or portion thereof sought to be designated under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rules 140, 141, and/or 141.1, and controlling federal case law. Where requested or permitted by the Court, the **PARTIES** may provide the Court with separate statements containing the challenges by the party opposing the **CONFIDENTIAL** information designation and the justifications by the party designating the documents or portions thereof as **CONFIDENTIAL**.

8. Should testimony of a witness involve the disclosure of a party's **CONFIDENTIAL** information, the following procedure will apply:

(a) The court reporter will be directed to bind those portions of the transcript containing **CONFIDENTIAL** information separately. This request will be made on the record whenever possible.

(b) The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated **CONFIDENTIAL** will be prominently marked:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.**

(c) All portions of transcripts designated as **CONFIDENTIAL** will be sealed and will not be disseminated except to the persons identified in Paragraph 3.

9. Any party may designate a transcript or portion thereof as **CONFIDENTIAL** and subject to the Protective Order at the time of the testimony or within seven days after the time the testimony is given. If a party intends to designate portions of a transcript as "**CONFIDENTIAL,**" that party shall have the right to limit attendance during the relevant portion of the testimony to the persons set forth in

Paragraph 3 of this **ORDER**.

10. For all pleadings that contain **CONFIDENTIAL** information, the filing party shall seek leave of court to file under seal consistent with the Local Rules for the Eastern District of California. With leave of court, an unredacted version will be filed under seal with the clerk of the court, and pleadings containing **CONFIDENTIAL** information will be filed in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED, COPIED, OR REVEALED, EXCEPT BY COURT ORDER**

11. Upon a failure of the filing party to file personal, security, or private/confidential information under seal, any party may request that the Court place the document under seal. The procedures of Local Rules 140, 141, and/or 141.1 shall be followed.

12. Either party may challenge the designation of a transcript, or a portion thereof as **CONFIDENTIAL** under the procedure set forth in Paragraph 6, above.

13. The **PARTIES** agree that **CONFIDENTIAL** information subject to this **ORDER** is strictly limited to use in this litigation and shall not be used by them, or anyone else, for any other purpose. If records are unsealed by the Court or filed in the public record in this **ACTION** this paragraph shall not apply.

14. Disclosure of **CONFIDENTIAL** information shall not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable rights or privilege. In addition, no document shall lose its **CONFIDENTIAL** status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this **ORDER**.

15. Within thirty (30) days of the conclusion of the litigation of this **ACTION**, all material marked as **CONFIDENTIAL** under this **ORDER** and not received in evidence shall be returned to the producing party or third party, unless the **PARTIES**

agree that the material may be destroyed instead of being returned, in which instance counsel shall certify that the documents have been destroyed. This **ORDER** shall survive the discontinuance or other resolution of the **ACTION**.

16. To the extent that any provisions of this **ORDER** restrict the communication and use of the **CONFIDENTIAL** information produced hereunder, such **ORDER** shall continue to be binding after the conclusion of this litigation, except that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were or should have been filed under seal.

17. Nothing contained in this **ORDER** shall be deemed to preclude any party at any time from:

(a) seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective order relating to **CONFIDENTIAL** information or relating to any information or documents sought in this case;

(b) applying to the Court for an order requiring the removal of the **CONFIDENTIAL** designation from any document pursuant to Paragraph 6 above; or

(c) applying to the Court for any relief from a provision of this **ORDER**, upon good cause shown.

Nothing in this **ORDER** shall be construed as preventing any party from making application to the Court for revision of the terms of this **ORDER**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

18. Each person designated in Paragraph 3, by receiving and reading a copy of the **ORDER** entered by the Court as part of this Stipulation and Protective Order, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the **ORDER** is breached.

IT IS SO STIPULATED.

DATED: February 2, 2017

U.C. DAVIS CIVIL RIGHTS CLINIC

By: */s/ Carter C. White*
Carter C. White

Attorney for Plaintiffs

DATED: February 2, 2017

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

Attorney for Plaintiffs

DATED: February 3, 2017

PORTER SCOTT
A PROFESSIONAL CORPORATION

By: */s/ Carl L. Fessenden*
Carl L. Fessenden

Attorney for Defendants

**ORDER**

The Court, having reviewed the above stipulation of the parties, and good cause appearing, hereby enters the Stipulated Protective Order.

IT IS SO ORDERED.

DATED: February 7, 2017.

Edmund F. Brennan
United States Magistrate Judge