1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DERRIL HEDRICK, et al.,                    No.  2:76-cv-0162-GEB-EFB P

12                  Plaintiffs,

13          v.                                   ORDER

14   JAMES GRANT, et al.,

15                  Defendants.

16

17          Plaintiffs, a class of persons incarcerated in the Yuba County Jail, seek to enforce a 1979

18   consent decree and to obtain further relief.  ECF No. 163, 168, 173.  In support of their motion for

19   such relief, plaintiffs have submitted two declarations and supporting exhibits that they wish the

20   court to seal indefinitely pursuant to Eastern District of California Local Rule 141.  ECF No. 163-

21   5.  Additionally, defendants ask the court to indefinitely seal a declaration submitted in support of

22   their opposition to plaintiffs' motion.  ECF No. 182.  For the reasons that follow, the requests are

23   granted in part and denied in part.

24          **I.      Background**

25          This case was originally filed by prisoners at the Yuba County Jail against various county

26   officials in 1976.  ECF No. 94 (copy of original docket sheet).  Plaintiffs alleged that conditions

27   at the Jail violated the U.S. Constitution, the California Constitution, and California state law.

28   ECF No. 163-1 at 24-55 (original complaint).  The court certified the plaintiff class on July 23,

1

1  1976, which consisted of "all prisoners of the Yuba County Jail on March 24, 1976, or at any time

2  during the pendency of this lawsuit."  ECF No. 163-1 at 57-58 (Order of July 23, 1976).

3      Several months later, the court concluded that county officials were violating prisoners'

4  constitutional rights with regard to inmate opportunities for exercise and recreation, the adequacy

5  of the law library, and the lack of a trusty program for female inmates.  ECF No. 163-2 at 403-12

6  (Order of Nov. 12, 1976).  The court granted preliminary injunctive relief to plaintiffs on the

7  exercise and library claims and summarily adjudicated the female trusty program claim in

8  plaintiffs' favors.  *Id.*

9      In 1978, the court entered a comprehensive Consent Decree binding on the county

10  officials and their successors governing many aspects of the Jail's operations.  ECF No. 163-1 at

11  60-109 (Nov. 2, 1978 Consent Decree).  In 1987, the court ordered the clerk to administratively

12  terminate the case "without prejudice to the right of the parties to reopen the proceedings for the

13  entry of any stip[ulation], mot[ion], ord[er] or any other purpose required to obtain a final or

14  interim determination of the litigation."  ECF No. 94 at 5 (docket entry No. 93).

15      Defendants later moved to terminate the decree.  The motion was denied by the district

16  court and on appeal and the Decree remains in force.  ECF No. 135 (Order of April 2, 2013

17  denying defendants' motion to terminate the Decree), *aff'd* by *Hedrick v. Grant*, 648 F. App'x.

18  715 (9th Cir. 2016).  In October 2016, plaintiffs filed a motion to enforce the consent decree and

19  for further remedial relief.  ECF No. 163.  The pending motions to seal concern evidence

20  submitted in support of, and opposition to, that motion.

21      **II.      Applicable Law**

22      Local Rule 141 governs requests to seal documents.  E.D. Cal. L.R. 141.  That rule

23  provides that documents may be sealed by order of the court upon the showing required by law.

24  L.R. 141(a).  It requires the party making the request to "set forth the statutory or other authority

25  for sealing, the requested duration, the identity, by name or category, of persons to be permitted

26  access to the other documents, and all other relevant information."  L.R. 141(b).

27      The "showing required by law" referred to by Local Rule 141 and relevant case law is a

28  high one.  The court operates under a strong presumption in favor of access to court records.  *Ctr.

2

1    *for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016).  Accordingly, a party

2    seeking to file something under seal must present "compelling reasons" supporting the request.[1]

3    *Id.*  The compelling reasons standard requires the court to: (1) find a compelling reason

4    supporting sealing the record and (2) articulate the factual basis for the sealing the record, without

5    relying on hypothesis or conjecture.  *Id.* at 1096-97.  The court must conscientiously balance the

6    competing interests of the public and the party who wishes to keep the documents private.  *Id.* at

7    1097.  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial

8    court.'"  *Id.* (quoting *Nixon v, Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Some

9    examples of records for which there are compelling reasons to seal are: (1) records that could be

10   used to gratify private spite or promote public scandal; (2) records containing libelous statements;

11   and (3) records that contain business information that could be used to harm a litigant's

12   competitive standing.  *Id.*

13          **III.    Analysis**

14          Plaintiffs seek to seal two declarations (Stark and Stewart) and their attached exhibits

15   because they include medical and psychiatric information and records of class members.

16   Defendants seek to seal the Barnes declaration because it discusses the same kind of information.

17   Having reviewed the declarations and exhibits, the court agrees with the parties that the

18   declarations and their attached exhibits contain sensitive and private information about class

19   members and that such information should be sealed.  Any interest the public may have in the

20   disclosure of the sensitive and private information contained in the declarations and exhibits is

21   outweighed by class members' interests in the privacy of their medical and psychiatric records.

22   *Battle v. Martinez*, No. 2:16-cv-0411 TLN CKD P, 2016 U.S. Dist. LEXIS 105203, at *2 (E.D.

23   Cal. Aug. 9, 2016) (granting request to seal psychiatric and medical records); *Friedman v. Adams*,

24   No. 2:13-CV-1345 JCM (CWH), 2016 U.S. Dist. LEXIS 101029 (D. Nev. Aug. 1, 2016) ("The

25   need to protect sensitive medical information is a compelling reason to seal records.").

26          _____

27          [1] The court may seal materials attached to discovery motions unrelated to the merits of a
     case on a lesser showing than "compelling reasons"; in such a situation, a showing of "good
     cause" suffices.  *Id.* at 1097.  As the declarations and exhibits at issue in the instant requests to
28   seal are very much related to the merits of this action, this lesser standard is inapplicable here.

1        Nevertheless, the court finds that all three declarations (Stark, Stewart, and Barnes) as

2  well as the exhibits to the Stark and Stewart declarations can be redacted to conceal all

3  information that would identify any class member.  Such redactions would protect the privacy of

4  class members while providing some public access to these filings, which will be among the

5  evidence considered by the court or other factfinder in determining the merits of the motion to

6  enforce and thus are an important part of the record of the case.  Balancing the strong interest in

7  public access with the class members' privacy interests, the court concludes that the documents

8  should be made publicly available with redactions made to conceal all identifying information.

9  The court will therefore grant the requests to seal in part all three unredacted declarations and the

10  unredacted exhibits to the Stark and Stewart declarations for filing under seal.  Plaintiffs have

11  provided the court with a redacted copy of the Stewart declaration and exhibits.  If within 14 days

12  the parties submit no objection, the Clerk of Court shall file the redacted Stewart declaration and

13  exhibits on the public docket.  The parties are directed to submit the Stark declaration and its

14  exhibits and the Barnes declaration in redacted form for public filing.

### IV.    Conclusion and Order

16        In accordance with the above analysis, it is hereby ORDERED that plaintiffs' October 24,

17  2016 and defendants' January 18, 2017 requests to seal are granted in part and denied in part, as

18  follows:

19      1.  Plaintiffs' October 24, 2016 request to seal the Stark declaration and all attached

20          exhibits is granted in part such that the unredacted declaration and exhibits will be

21          sealed and a redacted version of such will be publicly filed.  Plaintiffs shall submit the

22          unredacted Stark declaration and all attached unredacted exhibits to

23          ApprovedSealed@caed.uscourts.gov.  The Clerk of the Court is directed to seal the

24          unredacted Stark declaration and the unredacted attached exhibits indefinitely.  Within

25          14 days of the date of this order, plaintiffs shall publicly file a redacted version of the

26          Stark declaration and all attached exhibits which obscures all identifying information

27          of class members contained therein.

28  /////

2.  Plaintiffs' October 24, 2016 request to seal the Stewart declaration and all attached exhibits is granted in part such that the unredacted declaration and exhibits will be sealed and a redacted version of such will be publicly filed.  Plaintiffs shall submit the unredacted Stewart declaration and all attached unredacted exhibits to ApprovedSealed@caed.uscourts.gov.  The Clerk of the Court is directed to seal the unredacted Stewart declaration and the unredacted attached exhibits indefinitely.  Within 14 days of the date of this order, the parties may submit objections to the public filing of the redacted version of the Stewart declaration and its attached exhibits.  If no objections are filed, the Clerk of the Court shall file the redacted Stewart declaration and its attached exhibits on the public docket.

3.  Defendants' January 18, 2017 request to seal the Barnes declaration is granted in part such that the unredacted declaration will be sealed and a redacted version of such will be publicly filed.  Defendants shall submit the unredacted Barnes declaration to ApprovedSealed@caed.uscourts.gov.  Within 14 days of the date of this order, defendants shall publicly file a redacted version of the Barnes declaration which obscures all identifying information of class members contained therein.

4.  In the emails to ApprovedSealed@caed.uscourts.gov, the parties shall identify the page numbers within the declarations and/or exhibits which consist of or materially discuss the medical records of class members.  Internet access to such pages will be limited to attorneys of record, persons authorized by the Court, and court staff.

So ordered.

DATED:  February 9, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5