CARTER C. WHITE – 164149
KING HALL CIVIL RIGHTS CLINIC
U.C. Davis School of Law
One Shields Avenue, Bldg. TB-30
Davis, California 95616-8821
Telephone: (530) 752-5440
Facsimile: (530) 752-5788
Email: ccwhite@ucdavis.edu

MICHAEL W. BIEN – 096891
GAY CROSTHWAIT GRUNFELD – 121944
MICHAEL FREEDMAN – 262850
BENJAMIN BIEN-KAHN – 267933
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California 94105-2235
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
ggrunfeld@rbgg.com
mfreedman@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DERRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES GRANT, as Sheriff of Yuba County; Lieutenant FRED J. ASBY, as Yuba County Jailer; JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBEK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS,<br><br>Defendants. | Case No. 2:76-CV-00162-EFB<br><br>**[~~PROPOSED~~] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF AMENDED CONSENT DECREE, APPOINTING CO-COUNSEL FOR CLASS, AND EXPEDITING HEARING DATE**<br><br>Judge: Hon. Edmund F. Brennan<br>Date: October 24, 2018<br>Time: 10:00 a.m.<br>Crtrm.: 8, 13th Floor<br><br>Trial Date: None Set |

[3320069.1]

[~~PROPOSED~~] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF AMENDED CONSENT DECREE, APPOINTING CO-COUNSEL FOR CLASS, AND EXPEDITING HEARING DATE

The parties' Joint Motion for Preliminary Approval of Amended Consent Decree and Request for Expedited Hearing ("Joint Motion") came on for hearing before this Court on October 24, 2018. The Court, having considered the pleadings on the Joint Motion, oral argument on the Joint Motion, and the record in this case, and good cause appearing, now finds, as follows:

1. Pursuant to the consent of the parties, this case is now assigned to Magistrate Judge Edmund F. Brennan for all purposes.

2. The Court names Rosen Bien Galvan & Grunfeld LLP ("RBGG") as co-counsel for the class. The Court finds that RBGG satisfies all of the requirements of Rule 23(g).

3. The Court finds that the Amended Consent Decree falls within the range of possible approval and is sufficiently fair to warrant the dissemination of notice to the class members apprising them of the Amended Consent Decree.

4. The proposed Amended Consent Decree is the product of arm's-length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel who have actively prosecuted and defended this litigation.

5. The Amended Consent Decree is granted preliminary approval and incorporated herein by this reference, and has the full force and effect of an order of the Court.

6. A hearing is appropriate to consider whether this Court should grant final approval to this settlement, and to allow adequate time for the members of the class, or their counsel, to support or oppose this settlement.

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED:

7. The parties' request to expedite the hearing on this Joint Motion for Preliminary Approval of Amended Consent Decree for October 24, 2018, at 10:00 a.m. is granted.

8. The Notice of Amended Consent Decree ("Notice"), attached hereto, is approved. The Notice constitutes valid, due, and sufficient notice to the class, constitutes
1
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF AMENDED CONSENT DECREE, APPOINTING CO-COUNSEL FOR CLASS, AND EXPEDITING HEARING DATE

[3320069.1]

the best notice practicable under the circumstances, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure. The proposed forms of Notice apprise class members in a fair and neutral way of the existence of the settlement with the Defendants and their rights with respect to the settlement.

9. Within seven (7) days of this Order, Defendants must post the Notice (1) on the County's official website (www.co.yuba.ca.us/); and (2) in all Jail facilities operated by Defendants, including, but not limited to, in all dayrooms, all medical clinic spaces, the visiting area, and the intake area in the Yuba County Jail. Copies of the Amended Consent Decree shall be available in the Jail library and made available to Jail inmates upon request.

10. Dissemination of the Notice as provided above is hereby authorized and approved, and satisfies the notice requirement of Rule 23(e), Federal Rules of Civil Procedure, the Constitution of the United States, due process and any other applicable rule(s) of this Court. No later than ten (10) days after this Order, Defendants must file and serve on Plaintiffs' counsel an affidavit affirming that they published notice as required in the Court's order.

11. Any member of the class may write to the Court about whether the settlement is fair. The Court will consider written communications when deciding whether to approve the settlement. Comments must include at the top of the first page the case name, *Hedrick v. Grant*, E.D. Cal. No. 2:76-cv-00162-JAM-EFB. Comments must be postmarked no later than fifty-two (52) days after the issuance of this Order, and sent to the following address:

> Clerk of the Court
> United States District Court
> Eastern District of California
> 501 I Street
> Sacramento, CA 95814

/ / /

/ / /

/ / /

2
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF AMENDED CONSENT DECREE, APPOINTING CO-COUNSEL FOR CLASS, AND EXPEDITING HEARING DATE

[3320069.1]

12. A final approval hearing pursuant to Rule 23(e), Federal Rules of Civil Procedure, will be in the Courtroom of the undersigned on January 23, 2019, in the United States District Court for the Eastern District of California, to determine whether the proposed settlement is fair, reasonable and adequate, and whether it should be finally approved by the Court. The hearing may be continued from time to time without further notice.

13. A joint memorandum of points and authorities in support of final approval shall be filed on or before January 9, 2019.

14. Plaintiffs filed a motion for reasonable attorneys' fees and expenses on October 24, 2018. A hearing on the motion for attorneys' fees and expenses shall be held on January 23, 2019 at 10:00 a.m., the same date as the hearing on the motion for final approval, at the United States District Court for the Eastern District of California, 501 I Street, Sacramento, CA 95814.

IT IS SO ORDERED.

DATED: November 7, 2018

Edmund F. Brennan
Chief United States Magistrate Judge

3
[PROPOSED] ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF AMENDED CONSENT DECREE, APPOINTING CO-COUNSEL FOR CLASS, AND EXPEDITING HEARING DATE

[3320069.1]

# Attachment A

# NOTICE OF AMENDED CONSENT DECREE

*Hedrick v. Grant*, E.D. Cal. No. 2:76-cv-00162-JAM-EFB, is a federal class action about the conditions in the Yuba County Jail ("the Jail").

All current and future inmates in the Jail are members of a class that was certified by the Court in 1976.

In 1979, the district court entered an order called a consent decree to improve certain aspects of the Jail's operations ("Consent Decree"). In August 2018, the class—represented by the lawyers listed below—and the County of Yuba reached an agreement on a proposed Amended Consent Decree. The Amended Consent Decree keeps many and modifies some of the provisions of the Consent Decree and adds a number of new provisions.

**This notice explains the proposed Amended Consent Decree, where you can find the Amended Consent Decree, and how you can tell the Court whether you think the Amended Consent Decree is fair.**

The provisions of the Amended Consent Decree require the County to, among other things: adopt a regular exercise schedule for all housing units; offer exercise daily on both the Exercise Roof and Exercise Yard from 5 a.m. to 11 p.m.; increase the number of medical staff, including registered nurses on site 24 hours per day and licensed mental health staff 7 days per week; have registered nurses at intake health screenings for new inmates; provide timely access to inpatient medical and mental health care; adopt policies for the use of telepsychiatry; address all sick call slips within 24 hours; provide reasonable accommodations to inmates with disabilities; make a number of changes over the next 4 years to the physical structure of the Jail to improve accessibility; limit placement of inmates in safety cells to 24 consecutive hours and 36 hours in any 120-hour period; create a "step-down" cell for inmates at risk of suicide; conduct suicide risk assessments on certain inmates placed in Segregated Housing; conduct daily health care rounds on all

[3320063.1]

inmates in Segregated Housing; and increase the amount of out-of-cell time for inmates in Segregated Housing.

The Amended Consent Decree has two provisions that are less favorable to the class than the Consent Decree: (a) the Amended Consent Decree requires the County to provide all inmates outdoor exercise a minimum of 1 hour, 5 days a week and inmates in Segregated Housing outdoor exercise for a minimum of 1 hour, 7 days a week, while the Consent Decree required the County to provide inmates 8 hours of exercise a week (although inmates claimed they received less exercise and the Jail faced difficulties due to operational constraints and population growth) and (b) the Amended Consent Decree terminates in 4 years unless Plaintiffs' attorneys prove that the County is not in substantial compliance, while the Consent Decree did not have an end date.

Copies of the Amended Consent Decree are available in the Jail Law Library, and will be made available to you upon request. You can also write to Plaintiffs' counsel to request a copy of the Amended Consent Decree or Plaintiffs' motion for attorneys' fees and costs.

The Court will keep jurisdiction to enforce the Amended Consent Decree. The Court will hold a hearing on the fairness of the Amended Consent Decree at 10:00 a.m. on January 23, 2019, at the United States Courthouse in Sacramento, Courtroom No. 8.

The lawsuit addresses policies that apply to the class as a whole. Because the lawsuit does not seek relief for any specific class member, there is no right to opt-out of the class. This action does not seek money damages and none will be awarded.

Plaintiffs' counsel will ask the Court to have Defendants pay for their attorneys' fees and expenses. The Amended Consent Decree limits the attorneys' fees and expenses to $1.1 million for work from May 15, 2014 to June 30, 2018 and permits Plaintiffs' counsel to recover attorneys' fees and expenses for work between July 1, 2018 and final approval of the Amended Consent Decree. In the future, the Amended

Consent Decree limits the attorneys' fees and expenses to $115,000 per year for monitoring conducted by Plaintiffs' counsel, excluding litigation in the district court or future appeals, if any. The Court will decide the amount of these fees and expenses.

Inmates in the Jail can write to the Court about whether the settlement is fair and whether they object to the award of attorneys' fees. Comments MUST include at the top of the page the case name and case number: *Hedrick v. Grant,* No. 2:76-cv-00162-JAM-EFB. Comments MUST be postmarked no later than December 30, 2018 and sent to:

> Clerk of the Court
> United States District Court
> Eastern District of California
> 501 I Street
> Sacramento, CA 95814

**For more information, you may contact attorneys for the Plaintiff class:**

| ROSEN BIEN GALVAN & GRUNFELD LLP P.O. Box 390 San Francisco, CA 94104 (415) 433-6830 | KING HALL CIVIL RIGHTS CLINIC U.C. Davis School of Law One Shields Avenue, Bldg. TB-30 Davis, CA 95616-8821 |
|---|---|