CARTER C. WHITE – 164149
KING HALL CIVIL RIGHTS CLINIC
U.C. Davis School of Law
One Shields Avenue, Bldg. TB-30
Davis, California 95616-8821
Telephone: (530) 752-5440
Facsimile: (530) 752-5788
Email: ccwhite@ucdavis.edu

MICHAEL W. BIEN – 096891
GAY CROSTHWAIT GRUNFELD – 121944
MICHAEL FREEDMAN – 262850
ALEXANDER GOURSE - 321631
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: mbien@rbgg.com
ggrunfeld@rbgg.com
mfreedman@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DERRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES GRANT, as Sheriff of Yuba County; Lieutenant FRED J. ASBY, as Yuba County Jailer; JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBEK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS,<br><br>Defendants. | Case No. 2:76-CV-00162-EFB<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PRODUCTION OF MEDICAL AND MENTAL HEALTH RECORDS FOR CLASS MEMBERS**<br><br>Judge: Edmund F. Brennan<br><br>Trial Date: None Set |

[3725629.2]

STIPULATION AND [PROPOSED] ORDER REGARDING PRODUCTION OF MEDICAL AND MENTAL HEALTH RECORDS FOR CLASS MEMBERS

On January 30, 2019, an Amended Consent Decree ("ACD") was entered in this action related to specified conditions of confinement at the Yuba County Jail ("the Jail"). *See* ECF No. 258.

The ACD, Article 15 provides that Class Counsel will monitor the conditions of the Jail to evaluate compliance with the terms of the ACD.

Among the conditions to be monitored by Class Counsel are the nature and timeliness of medical and mental health services provided to class members.

Pursuant to the ACD, Class Counsel is entitled to review records to assist them in their responsibilities, including medical records.

Article 15 of the ACD also requires that on a quarterly basis the County produce to Class Counsel documents and records specified in Exhibit G to the ACD. These records include medical and mental health information. The parties have agreed to a HIPAA-qualified protective order, *see* ECF No. 188, limiting the use of such records to the current litigation and requiring the return of or destruction of such records upon the termination of this matter.

Class counsel has requested that the County produce medical and mental health records for specific individual class members. Since the final approval of the ACD, County has only released such records to Class Counsel if Class Counsel obtained a signed authorization for those records from the person whose records were sought. Class Counsel has submitted numerous requests for medical/mental health records with valid authorizations for the release of such records. The County has produced those records. In cases where a class member has placed his or her medical condition at issue, often referred to as an urgent medical request or emergent medical concern, the County has produced some medical information to Class Counsel without an authorization.

The parties have met and conferred on the issue of production of class members' medical and mental health records in the absence of signed releases by the individual for whom records are sought. Class Counsel assert that Defendants' demands for signed releases are inhibiting their ability to monitor compliance with the ACD. Obtaining

written waivers from class members at the Jail is burdensome and results in delays before Class Counsel are able to investigate potential violations of the ACD. In addition, some class members are no longer in Defendants' custody by the time Class Counsel become aware of potential violations of the ACD related to their care or need for care. Class Counsel have no reliable means of locating and contacting such class members to obtain waivers for the release of their medical records.

Defendants acknowledges that some courts have found that the need for monitoring a correctional facility's compliance with the terms of a consent decree outweighs the individual right to privacy of the class members. The authority cited acknowledges the need for a balancing of interests prior to the production of such records. After such weighing, the court may order defendants to produce class members' medical records and mental health records without the need for a signed authorization. The cited cases are from District courts without appellate review.

The parties have discussed the common-law evidentiary privilege set out in *Jaffee v Redmond*, 518 U.S. 1 (1996), and agree that specific findings shall be made indicating that the Court has considered that privilege and determined that it is outweighed by the need for production of documents for purposes of monitoring Defendants' compliance with the ACD, subject to the Stipulated Protective Order entered by the Court on February 7, 2017, ECF No. 188.

Therefore the parties agree that the matter shall be presented to the Court for consideration of the stipulated order. Should the Court agree and sign the order, Defendants will comply with production of documents consistent with this stipulated order.

The parties agree that Class Counsel will provide a statement of good cause for each request for medical or mental health records. For purposes of this Stipulation, the term "good cause" shall mean that Class Counsel has articulated a reason for reviewing the records that is related to its monitoring of Defendants' compliance with the ACD. The parties will meet and confer in good faith for any request that Defendants believe is not

supported by good cause.

Further, the parties agree that the Court shall extend this order to apply to any third-party contractors with whom the County contracts to provide healthcare and mental health services to class members in the Yuba County Jail.

Class Counsel may still obtain medical or mental health records for individual class members by presenting a signed authorization to Defendants that authorizes the release of such records to Class Counsel. Records produced by Defendants to Class Counsel pursuant to a signed authorization shall not be subject to the protective order in this case.

IT IS SO STIPULATED

DATED: April 27, 2021         ROSEN BIEN GALVAN & GRUNFELD LLP

                              By: */s/ Michael Freedman*
                                  Michael Freedman

                              Attorneys for Plaintiffs

DATED: April 27, 2021         COUNTY OF YUBA

                              By: */s/ Michael Ciccozzi*
                                  Michael Ciccozzi
                                  County Counsel

                              Attorneys for Defendants

**FILER'S ATTESTATION**

I attest that I obtained concurrence in the filing of this document by all signatories, and that I have maintained records to support this concurrence.

DATED: April 27, 2021         */s/ Michael Freedman*
                              Michael Freedman

[3725629.2]

4

STIPULATION AND [PROPOSED] ORDER REGARDING PRODUCTION OF MEDICAL AND MENTAL HEALTH RECORDS FOR CLASS MEMBERS

# [~~PROPOSED~~] ORDER

The court has weighed the competing interests presented by the issue of producing medical and mental health records of class members without the prior authorization of the class member and the need to monitor compliance with the ACD in this case.

The Court finds that the need for prompt review of medical and mental health records of individual class members, subject to the terms of the Stipulated Protective Order entered by the Court on February 7, 2017, outweighs class members' interests in preventing disclosure of those records for purposes of the privileges and privacy rights provided by federal and state law and the protections afforded by HIPAA.

Accordingly, having reviewed the above Stipulation of the parties, and good cause appearing, it is ORDERED that:

Defendants and any third-party with whom Defendants contract to provide medical or mental health care to class members in the Yuba County Jail, including but not limited to Wellpath or its affiliated entities, shall produce to Class Counsel medical and mental health records for specific class members so long as Class Counsel articulates in its request for such records a statement of good cause and the time period covered by the request. For purposes of this Order, the term "good cause" shall mean that Class Counsel has articulated a reason for reviewing the records that is related to its monitoring of Defendants' compliance with the Amended Consent Decree. Medical and mental health records produced to Class Counsel pursuant to this Order are subject to the Stipulated Protective Order entered by the court February 7, 2017.

If a dispute arises as to the existence of good cause for the production of requested records the parties shall meet and confer to resolve such issues in accordance with this order. If the parties cannot resolve a dispute over whether good causes exists for the production of requested records, Plaintiffs may seek relief in this Court.

Nothing in this Order shall affect Class Counsel's ability to obtain medical or mental health records for individual class members by presenting a signed authorization to Defendants that authorizes the release of such records to Class Counsel. Medical and

[3725629.2]
5
STIPULATION AND [~~PROPOSED~~] ORDER REGARDING PRODUCTION OF MEDICAL AND MENTAL HEALTH RECORDS FOR CLASS MEMBERS

mental health records produced by Defendants to Class Counsel in response to a signed authorization shall not be subject to the Stipulative Protective Order in this case.

IT IS SO ORDERED.

DATED: May 17, 2021.

EDMUND F. BRENNAN
United States Magistrate Judge