UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRIL HEDRICK, et al., | No. 2:76-cv-00162-EFB (PC) |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| JAMES GRANT, et al., | |
| Defendants. | |

      The parties have filed a joint motion for approval of the Second Amended Consent Decree ("SACD"). ECF No. 277. By order dated March 9, 2023, the court directed defendants to publish notice of the SACD to class members by publishing the notice on the county's website, placing it in all Jail facilities (including particular locations), making copies of the SACD available in the Jail law library, and making it available to class members upon request. ECF No. 274. Defendants submitted an affidavit attesting to their compliance with that order. ECF No. 276.

      On May 5, 2023, plaintiffs' counsel filed a request to allow a class member, Mary Abbot, to appear remotely at the hearing scheduled for May 17, 2023 on final approval of the SACD. ECF No. 278. Appended to the request are Ms. Abbott's objections to the SACD, which she attempted to file but which were returned to her by the Clerk. *Id.* at 7-8. She asks that the court extend the time for class members to comment on the SACD because: (1) the Jail did not make

1

the SACD available in the law library for inmate review, (2) some of the notices that were posted in the Jail pertained to the amended consent decree ("ACD"), not the SACD, and noted a comment due date of December 30, 2018, and (3) the notice is misleading because it gives short shrift to the changes from the ACD to the SACD, notably the omission of many of the ACD's provisions, including requirements that the Jail take steps to enhance inmate recreation opportunities, increase medical staff, and accommodate disabled inmates.  She asks that the comment period be extended so that these issues can be remedied, and also asks the Jail to make the ACD available in the law library along with the SACD so class members can compare the two documents.  Ms. Abbott also objects to the SACD substantively, arguing that it should keep all the provisions of the ACD that have been omitted through agreement by the parties' lawyers.

According to plaintiffs' counsel, defendants do not agree that Abbott should be allowed to appear at the hearing, but they have no objection to the court considering her letter.  The court will consider Ms. Abbott's objections as stated in her letter.  However, it does not appear to the court that oral testimony or argument from Ms. Abbott would materially assist the court in resolving the objection.  If, at the time of the hearing, the court has any questions for Ms. Abbott they will be addressed then.  Accordingly, plaintiffs' request that Abbott be permitted to attend the hearing is granted.  She may do so by telephone using the teleconference line provided below, or plaintiffs' counsel may make other arrangements with the Jail to secure her attendance.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' request that class member Mary Abbott be permitted to appear at the hearing scheduled for May 17, 2023 regarding final approval of the SACD (ECF No. 278) is GRANTED in part such that Ms. Abbott may attend the hearing.  Ms. Abbot may listen in on the hearing using the teleconference line (888) 557-8511, access code 1273468#, or plaintiffs' counsel can seek different arrangements with the Jail to secure her attendance.

/////

/////

/////

2. Plaintiffs' request that Mary Abbott be permitted to voice her objections orally at the hearing (ECF No. 278) is DENIED without prejudice.

Dated: May 10, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE