UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DERRIL HEDRICK, DALE ROBINSON, KATHY LINDSEY, MARTIN C. CANADA, DARRY TYRONE PARKER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAMES GRANT, as Sheriff of Yuba County; Lieutenant FRED J. ASBY, as Yuba County Jailer; JAMES PHARRIS, ROY LANDERMAN, DOUG WALTZ, HAROLD J. "SAM" SPERBEK, JAMES MARTIN, as members of the YUBA COUNTY BOARD OF SUPERVISORS,<br><br>    Defendants. | Case No. 2:76-CV-00162-EFB<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")**<br><br>Judge:  Edmund F. Brennan<br><br>Trial Date:      None Set |

[4870697.1]

1

STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")

On January 13, 2025, United States Magistrate Judge Edmund F. Brennan entered a stipulated order that extended the term of, and made minor modifications to, a Second Amended Consent Decree ("SACD") covering certain operations of the Yuba County Jail (the "Jail"). *See* ECF No. 295. The modifications included removing several provisions from active monitoring by the third-party Monitor ("Monitor"), pursuant to criteria established by the stipulated order. Since then, the Monitor has continued to monitor compliance with the remaining SACD provisions pursuant to Section VIII of the SACD, as modified by the January 2025 stipulated order. To date, the Monitor has issued six final reports and is currently preparing a seventh report pursuant to Section VIII.D of the SACD, as modified by the January 2025 stipulated order.

As relevant here, the SACD, as modified, states that it "shall terminate on July 31, 2026, unless prior to June 1, 2026, Plaintiffs file a motion to extend the term of the SACD." ECF No. 295 at 8 ¶ 6.[1]

Consistent with the meet-and-confer requirements in section XII of the SACD, as modified, *see* ECF No. 295 at 8 ¶ 6, Plaintiffs timely notified Defendants in writing of the provisions in the SACD with which Plaintiffs contend Defendants have not substantially complied, and the parties and the Monitor then met and conferred in good faith for the purpose of resolving the parties' disputes about Plaintiffs' contentions.

As a result of these discussions, the parties have agreed to extend the termination date of the SACD by approximately seven months, to March 1, 2027. The extended period of time will allow the Monitor to conduct two more Jail tours and review documents from three more quarters. As of March 1, 2027, the SACD shall terminate unless Plaintiffs file a motion prior to that date to extend the term of the SACD. If Plaintiffs file such a motion, all monitoring activity and quarterly production called for in the SACD shall be suspended until the district court issues a decision on Plaintiffs' motion. The parties have further agreed that if the Monitor does not file a ninth monitoring report

---

[1] All pincites refer to ECF pagination.

STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")

by January 2, 2027, then both the term of the SACD and Plaintiffs' deadline for filing a motion to extend the term of the SACD shall be extended by the number of days by which the Monitor's ninth report exceeds the January 2, 2027 deadline.  It is the intent of the parties that all modifications to the SACD in the January 13, 2025 stipulated order shall remain in effect, except those that are inconsistent with this stipulation.

NOW THEREFORE, IT IS HERBY STIPULATED AND AGREED by and between the parties to this action, through their undersigned counsel, as follows:

1.    Section XII of the SACD is hereby replaced by the following language:

The SACD shall terminate on March 1, 2027, unless Plaintiffs file a motion to extend the SACD prior to that date.  If Plaintiffs file such a motion, the SACD shall remain in place pending a decision by the district court on Plaintiffs' motion, except that all monitoring activity, including quarterly production, under the SACD shall be suspended until a decision by the district court on the motion.[2]  If the Monitor does not file its ninth monitoring report by January 2, 2027, then both the term of the SACD and Plaintiffs' deadline for filing a motion to extend the term of the SACD shall be extended by the number of days by which the Monitor's ninth report exceeds the January 2, 2027 deadline.

Except as set forth in Exhibit B of ECF 295, nothing in this Second Amended Consent Decree shall limit the parties' rights to challenge or appeal any finding as to whether Defendants are not in substantial compliance with the Second Amended Consent Decree or consequent orders entered by the District Court.

2.    The first paragraph of Section VIII.C of the SACD is hereby replaced by the

---

[2] If Plaintiffs prevail on the motion before the district court and Defendants file an appeal with the Ninth Circuit Court of Appeals, monitoring and quarterly production will resume pending a final decision by the Ninth Circuit. However, if Plaintiffs' motion is denied by the district court and they appeal it to the Ninth Circuit Court of Appeals monitoring and quarterly production will remain suspended until a decision is rendered by the Ninth Circuit.

[4870697.1]

2

STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")

following language:

The Monitor has already conducted seven monitoring tours.  The Monitor shall conduct an eighth monitoring tour by no later than July 15, 2026, and a ninth monitoring tour by no later than November 3, 2026.

3. The first paragraph of Section VIII.D of the SACD is hereby replaced by the following language:

Within thirty (30) days of each monitoring tour, the Monitor shall issue a draft monitoring report that states his or her opinion as to whether Defendants are in substantial compliance with the terms of the SACD and shall identify those provisions, if any, with which Defendants are not in substantial compliance.  Within fifteen (15) days of the issuance of each draft monitoring report, the Parties may provide written responses to the draft monitoring report.  The Monitor shall consider these responses, if any, and shall issue a final monitoring report that addresses these responses no later than thirty (30) days following issuance of the draft monitoring report.  If neither Party submits a written response to a draft monitoring report, the draft report shall become the final report fifteen (15) days after issuance of the draft report.

4. The second paragraph of Section VIII.D of the SACD is hereby replaced by the following language:

The Monitor shall issue a minimum of nine (9) monitoring reports.  The Monitor has already issued six monitoring reports and is currently preparing a seventh monitoring report, which shall be issued no later than May 15, 2026.  The Monitor shall issue an eighth monitoring report by no later than September 14, 2026, and a ninth monitoring report by no later than January 2, 2027.

5. The parties agree that this Stipulation and Proposed Order shall, pursuant to Section XII of the SACD, have the same effect as if Plaintiffs had filed a motion to extend

[4870697.1]

3

STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")

the terms of the SACD, such that the SACD will remain in place until the Court rules on this Stipulation and [Proposed] Order.  If the Court does not enter the order but provides the parties with an opportunity to submit a revised stipulation or a motion, the parties agree

/ / /

[4870697.1]

4

that (1) the SACD will remain in place until any deadline for submitting a revised stipulation or a motion has passed and, (2) if the parties or Plaintiffs submit a revised stipulation or a motion before any deadline has passed, the SACD will remain in place until the Court rules on the revised stipulation or a motion.

IT IS SO STIPULATED.


DATED:  April 30, 2026                    ROSEN BIEN GALVAN & GRUNFELD LLP

                                          By:  */s/ Michael Freedman*
                                               Michael Freedman

                                          Attorneys for Plaintiffs


DATED:  April 30, 2026                    KING HALL CIVIL RIGHTS CLINIC, U.C.
                                          DAVIS SCHOOL OF LAW

                                          By:  */s/ Carter White*
                                               Carter White

                                          Attorneys for Plaintiffs


DATED:  April 30, 2026                    PORTER SCOTT, P.C.

                                          By:  */s/Carl L. Fessenden*
                                               Carl Fessenden

                                          Attorneys for Defendants


DATED:  April 28, 2026                    OFFICE OF THE YUBA COUNTY COUNSEL

                                          By:  */s/ Patricia Spaletta*
                                               Patricia Spaletta

                                          Attorneys for Defendants

[4870697.1]

5

STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")

# [PROPOSED]-ORDER

Pursuant to the foregoing stipulation of the parties, IT IS SO ORDERED:

1. Section XII of the SACD is hereby replaced by the following language:

The SACD shall terminate on March 1, 2027, unless Plaintiffs file a motion to extend the SACD prior to that date. If Plaintiffs file such a motion, the SACD shall remain in place pending a decision by the district court on Plaintiffs' motion, except that all monitoring activity, including quarterly production, under the SACD shall be suspended until a decision by the district court on the motion.[3] If the Monitor does not file its ninth monitoring report by January 2, 2027, then both the term of the SACD and Plaintiffs' deadline for filing a motion to extend the term of the SACD shall be extended by the number of days by which the Monitor's ninth report exceeds the January 2, 2027 deadline.

Except as set forth in Exhibit B of ECF 295, nothing in this Second Amended Consent Decree shall limit the parties' rights to challenge or appeal any finding as to whether Defendants are not in substantial compliance with the Second Amended Consent Decree or consequent orders entered by the District Court.

2. The first paragraph of Section VIII.C of the SACD is hereby replaced by the following language:

The Monitor has already conducted seven monitoring tours. The Monitor shall conduct an eighth monitoring tour by no later than July 15, 2026, and a ninth monitoring tour by no later than November 3, 2026.

3. The first paragraph of Section VIII.D of the SACD is hereby replaced by the

---

[3] If Plaintiffs prevail on the motion before the district court and Defendants file an appeal with the Ninth Circuit Court of Appeals, monitoring and quarterly production will resume pending a final decision by the Ninth Circuit. However, if Plaintiffs' motion is denied by the district court and they appeal it to the Ninth Circuit Court of Appeals monitoring and quarterly production will remain suspended until a decision is rendered by the Ninth Circuit.

[4870697.1]

STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")

following language:

Within thirty (30) days of each monitoring tour, the Monitor shall issue a draft monitoring report that states his or her opinion as to whether Defendants are in substantial compliance with the terms of the SACD and shall identify those provisions, if any, with which Defendants are not in substantial compliance.  Within fifteen (15) days of the issuance of each draft monitoring report, the Parties may provide written responses to the draft monitoring report.  The Monitor shall consider these responses, if any, and shall issue a final monitoring report that addresses these responses no later than thirty (30) days following issuance of the draft monitoring report. If neither Party submits a written response to a draft monitoring report, the draft report shall become the final report fifteen (15) days after issuance of the draft report.

4.      The second paragraph of Section VIII.D of the SACD is hereby replaced by the following language:

The Monitor shall issue a minimum of nine (9) monitoring reports. The Monitor has already issued six monitoring reports and is currently preparing a seventh monitoring report, which shall be issued no later than May 15, 2026.  The Monitor shall issue an eighth monitoring report by no later than September 14, 2026, and a ninth monitoring report by no later than January 2, 2027.

IT IS SO ORDERED.

DATED: May 27, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[4870697.1]

7

STIPULATION AND [PROPOSED] ORDER REGARDING EXTENSION OF SECOND AMENDED CONSENT DECREE ("SACD")